IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TOMMIE JAMES CLARK, <br> AIS #193397, <br>     Plaintiffs, <br><br> v. <br><br> CHRIS MAY, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO. 3:20-CV-427-WKW <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tommie James Clark, a state inmate currently incarcerated at the Kilby Correctional Facility based on the revocation of his probation by the Circuit Court of Randolph County, Alabama, on February 25, 2020. Doc. 1 at 2. In his complaint, Clark alleges defendant Chris May, the Circuit Clerk of Randolph County, sent "the ADOC a false transcript by adding more time to my sentence" than that imposed by the trial judge. Doc. 1 at 3. He maintains that such error has resulted in his false imprisonment. Doc. 1 at 2–3. Clark seeks a declaratory judgment, injunctive relief via the correction of his sentence and compensation for pain and suffering. Doc. 1 at 4.

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

Clark complains the sentence furnished to the Alabama Department of Corrections by the defendant and on which he is currently incarcerated is incorrect and orders a term of incarceration longer than the sentence actually imposed by the trial court. Doc. 1 at 3. In accordance with well-established law, Clark is entitled to no relief on his complaint as it challenges the fundamental legality of the duration of his current incarceration. *See Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and

---

[1]This court granted Clark leave to proceed *in forma pauperis* in this case. Doc. 5. Even though Clark submitted payment of an initial partial filing fee, the court remains obligated to screen the complaint for possible summary dismissal. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of" the basis for or length of his incarceration. *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an action in which declaratory or injunctive relief is sought. It is irrelevant that a plaintiff does not challenge the judgment on which his incarceration is based; if he makes allegations that are inconsistent with the fact or duration of his confinement, *Heck* applies and bars his § 1983 suit. *See Balisok*, 520 U.S. at 645–48; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a state prisoner challenging the constitutionality or length of his incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

"Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original); *see Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process[.]").

It is clear that the sentencing information provided by the defendant which forms the basis for Clark's current incarceration has not been deemed incorrect, invalidated or impugned in an appropriate state or federal action. Thus, under the circumstances of this case, *Heck* and its progeny bar Clark's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the duration of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is

4

a rule of cognizability, not exhaustion."). Hence, Clark's challenge to the duration of his current imprisonment is not cognizable in this civil action as it provides no basis for relief at this time and this challenge is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be summarily DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the challenge to the duration of the plaintiff's confinement is not cognizable in the instant cause of action.

On or before **August 12, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error

---

[2]Clark is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of July, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE